STATE OF NEW JERSEY, PLAINTIFF–APPELLANT AND CROSS–
RESPONDENT, v. JONATHAN D. GHERTLER,
DEFENDANT–RESPONDENT AND CROSS–APPELLANT.

Argued February 16, 1988—Decided March 28, 1989.

*Cathleen Russo Delanoy*, Deputy Attorney General, argued the cause for appellant and cross-respondent (*Cary Edwards*, Attorney General of New Jersey, attorney).

*Lucy M. Rosano*, Assistant Deputy Public Defender, argued the cause for respondent and cross-appellant (*Alfred A. Slocum*, Public Defender, attorney).

PER CURIAM.

In *State·v. Roth*, 95 *N.J.* 334 (1984), we assured our trial judges that when they "exercise discretion in accordance with the principles set forth in the Code and defined by us * * *,

they need fear no second-guessing." *Id.* at 365. This appeal and cross-appeal test the measure of that commitment.

On defendant's guilty plea to various property crimes the sentencing court imposed two consecutive five-year terms with two-and-one-half year periods of parole ineligibility. Hence the aggregate sentence was ten years, with a five-year parole disqualifier. On appeal the Appellate Division, in an unreported opinion, modified the sentence to remove its "consecutive" aspect and to make the terms run concurrently. The aggregate sentence was thus reduced to five years, with a two-and-a-half years parole-ineligibility term. We reinstate the original sentence.

I

Defendant, Jonathan Ghertler, was named in four separate indictments containing a total of sixteen counts charging burglary, attempted theft, criminal mischief, theft by deception, passing bad checks, forgery, and conspiracy. Under an agreement reached with the State, defendant pleaded to six of the sixteen counts—five charging third-degree offenses, and one charging forgery, a fourth-degree offense. In return, the State agreed to dismiss the remaining counts. The four indictments were treated in two groups based on similarity of the offenses charged, the agreement being that the two groups of sentences would run concurrently within the same group. However, because the crimes were dissimilar as between the two groups, the agreement left to the trial court's discretion the question of consecutive terms for those discrete groups. In addition, the State gave up its right to seek an extended term but reserved its right to recommend a parole disqualifier. Defendant was told that he faced ten years, and at the plea hearing it was explained to him that the maximum potential term was twenty-six and one-half years with the possibility of a thirteen-and-one-half-year period of parole ineligibility.

Satisfied that the defendant understood his sentence exposure, the trial court imposed sentence in keeping with the plea agreement, namely, two consecutive five-year terms with two-and-one-half-year periods of parole ineligibility on each, for a total of ten years with a five-years parole disqualifier. The court stated on the record its reasons for the base sentences and the parole-ineligibility feature. It was clearly convinced that the aggravating factors—the risk that defendant would commit another offense and the extent of his criminal record (four counts of theft in 1982, forgery in the same year, forgery and theft by deception in that same year, receiving stolen property and burglary and theft in 1983, a violation of probation in 1984 for which he served jail time and thereafter became a fugitive)—substantially outweighed the mitigating factors. The court, recognizing that defendant was only twenty-four years old, believed that he could be rehabilitated "over a long term." Equally meticulously, the court set forth its reasons for imposing two consecutive five-year terms, emphasizing the independent, separate nature of the unrelated offenses, the difference and separateness of the times and places of their occurrence, and the fact that a number of victims were involved.

Defendant appealed, alleging that his sentence was excessive. The appeal first went through the Appellate Division's Excessive Sentence Oral Argument process, with the result that the court issued an order modifying defendant's sentence by removing the "consecutive" aspect, leaving a five-year term with two and one-half years of parole ineligibility. We granted the State's petition for certification, 108 *N.J.* 654 (1987), and summarily remanded to the Appellate Division for a statement of reasons for its ruling that the sentences be served concurrently rather than consecutively.

The statement of reasons found in the Appellate Division's opinion following the remand started with an acknowledgement that "the trial judge had properly applied the appropriate factors to arrive at a proper custodial term." The court held,

however, that despite defendant's substantial criminal record, "the imposition of a long term with a 5–year minimum on a 24–year–old who never received a significant custodial sentence was so clearly unreasonable as to shock the judicial conscience."

Because we had retained jurisdiction of the State's appeal challenging the modification of the sentences from consecutive to concurrent, the matter returned to this Court following the remand proceedings. We thereafter granted defendant's cross-petition for certification, 110 *N.J.* 178 (1988), seeking to erase the parole-ineligibility feature of the sentence. On the State's appeal we modify the judgment below and reinstate the consecutive sentences; on defendant's cross-appeal we affirm.

## II

Resolution of the issues before us does not call for extended treatment, nor need we restate all the basic governing principles of sentencing under the Code of Criminal Justice, set forth in *State v. Roth, supra,* 95 *N.J.* 334. Our focus is narrow, given the questions presented in the respective petitions for certification: the propriety of a period of parole ineligibility and of consecutive sentences as components of defendant's aggregate sentence.

Before addressing those questions directly, we iterate the standard for appellate review of sentencing determinations. The authority for appellate review is provided by statute:

> Any action taken by the court in imposing sentence shall be subject to review by an appellate court. The court shall specifically have the authority to review findings of fact by the sentencing court in support of its findings of aggravating and mitigating circumstances and to modify the defendant's sentence upon his application where such findings are not fairly supported on the record before the trial court. [*N.J.S.A.* 2C:44–7.]

For a statement of the manner in which that authority should be exercised we turn to *Roth,* which tells us that

> appellate review of a sentencing decision calls for us to determine, first, whether the correct sentencing guidelines * * * have been followed; second, whether there is substantial evidence in the record to support the findings of

fact upon which the sentencing court based the application of those guidelines; and third, whether in applying those guidelines to the relevant facts the trial court clearly erred by reaching a conclusion that could not have reasonably been made upon a weighing of the relevant factors. [95 *N.J.* at 365–66.]

Finally, we do well to remind ourselves that "we will exercise that reserve of judicial power to modify sentences when the application of the facts to the law is such a clear error of judgment that it shocks the judicial conscience. We anticipate that we will not be required to invoke this judicial power frequently." *Roth, supra,* 95 *N.J.* at 364 (citation omitted). The test, then, is not whether a reviewing court would have reached a different conclusion on what an appropriate sentence should be; it is rather whether, on the basis of the evidence, no reasonable sentencing court could have imposed the sentence under review. *Id.* at 365.

With the foregoing principles in mind, we take up the issues posed, first on defendant's cross-appeal and then on the State's appeal.

—A—

Defendant pleaded guilty to five third-degree offenses and one fourth-degree charge. For a crime of the third degree the court may impose a custodial term of between three and five years, *N.J.S.A.* 2C:43–6a(3); the presumptive term is four years, *N.J.S.A.* 2C:44–1f(1)(d). For a crime of the fourth degree the court may impose a term of no more than eighteen months, *N.J.S.A.* 2C:43–6a(4); the presumptive term is nine months, *N.J.S.A.* 2C:44–1f(1)(e). To arrive at the appropriate sentence within the maximum/minimum range specified in *N.J. S.A.* 2C:43–6a, the sentencing court is instructed to weigh aggravating and mitigating factors, other than the crime itself, as found in *N.J.S.A.* 2C:44–1a and b respectively. *See State v. Yarbough,* 100 *N.J.* 627, 633 (1985), *cert.* den., 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986). When "clearly convinced" that the aggravating factors "substantially outweigh" the mitigating factors, the sentencing court may impose a

period of parole ineligibility, not to exceed one-half the base term. *N.J.S.A.* 2C:43–6b.

Both statute, *N.J.S.A.* 2C:43–2e, and Rule of Court, *Rule* 3:21–4(e), require that the sentencing court state on the record the reasons supporting the sentence imposed and the balance of aggravating/mitigating factors. Although the same aggravating and mitigating factors are used to determine the appropriate sentence and the propriety of a period of parole eligibility, the standard for balancing those factors is different, depending on the use to which the factors are put.

> In determining the appropriate sentence, the court must decide whether there is a preponderance of aggravating or mitigating factors. When determining parole ineligibility, by contrast, the court must be "clearly convinced that the aggravating factors substantially outweigh the mitigating" factors. The different standard reflects the fact that "[p]eriods of parole ineligibility are the exception and not the rule. They are not to be treated as routine or commonplace."
>
> [*State v. Kruse*, 105 *N.J.* 354, 359 (1987) (*quoting State v. Martelli*, 201 *N.J.Super.* 378, 382–83 (App.Div.1985)).]

■ Here the sentencing court paid close and careful heed to the above-stated guidelines. In imposing the custodial terms of five years with a two-years parole disqualifier on each set of indictments, the court listed the aggravating factors as

> the obvious repeater risk[;] the extent of the defendant's prior criminal record is a second aggravating factor. And I put his prior criminal convictions on the record[:] in 1982, four counts of theft; in 1982, forgery; 1982, forgery and theft by deception; in 1983 receiving stolen property, burglary, theft; in 1984 a violation of probation and he served jail time and I believe thereafter he became a fugitive. I find as the third aggravating factor the need to now deter this defendant and others from violating the law on a pretty much continuous basis since he's been an adult, and I note that he is only 24 years old. I find the need to protect society and I find now a need to punish the defendant for his role in these crimes.

Addressing the mitigating factors the sentencing court found as follows:

> Mitigating factors are at 24 I cannot say that he's not rehabilitatable. I'm sure he is over a long term. He has some work history and based upon my weighing of the appropriate factors I am clearly convinced that the aggravating factors substantially outweigh the mitigating factors.

■■ We are satisfied, as was the Appellate Division, that the trial court's reliance on the risk that defendant would commit another offense (*N.J.S.A.* 2C:44–1a(3)), the extent of defendant's prior criminal record (*N.J.S.A.* 2C:44–1a(6)), and the need for deterrence (*N.J.S.A.* 2C:44–1a(9)) was well placed; that defendant's age was not a statutory mitigating factor; and that the sentencing court's finding that the aggravating factors substantially outweighed the mitigating factors was "amply supported by the record." Defendant's assertion that this last conclusion "is not supported by substantial evidence in the record" is unfounded, as the references to the trial court's uncontradicted findings, recited above, should readily demonstrate. Nor do we accept defendant's contention that his drug dependency should be considered a mitigating factor. The case of *State v. Merlino,* 208 *N.J.Super.* 247, 252 (Law Div.1984), cited by defendant as direct authority for that proposition, is not at all persuasive. We are not about to adopt the proposition that one who demonstrates that the motive for unlawfully acquiring the funds of another was to purchase cocaine has satisfied the mitigating factor of *N.J.S.A.* 2C:44–1b(4), namely, "substantial grounds tending to excuse or justify [one's] conduct, though failing to establish a defense." The imposition of parole-ineligibility terms in this case can hardly be characterized as lacking in record support.

—B—

■ The State's appeal attacks the Appellate Division's removal of the "consecutive" feature of defendant's sentence. That court ordered that the two terms of five years with two and one-half years of parole ineligibility be served concurrently rather than, as the trial court had ordered, consecutively.

The wellspring for standards guiding a sentencing court's decision on whether to impose concurrent or consecutive sentences for multiple offenses under the Code of Criminal Justice is this Court's opinion in *State v. Yarbough, supra,* 100 *N.J.*

627. The opinion begins with the admonition that in making its choice of concurrent or consecutive terms, the sentencing court "should be guided by the Code's paramount sentencing goals that punishment fit the crime, not the criminal, and that there be a predictable degree of uniformity in sentencing." *Id.* at 630. To that end this Court announced, *id.* at 644, the following as general sentencing guidelines for the concurrent/consecutive decision "when sentence is pronounced on one occasion on an offender who has engaged in a pattern of behavior constituting a series of separate offenses or committed multiple offenses in separate, unrelated episodes":

(1) there can be no free crimes in a system for which the punishment shall fit the crime;

(2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;

(3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:

(a) the crimes and their objectives were predominantly independent of each other;

(b) the crimes involved separate acts of violence or threats of violence;

(c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;

(d) any of the crimes involved multiple victims;

(e) the convictions for which the sentences are to be imposed are numerous;

(4) there should be no double counting of aggravating factors;

(5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense; and

(6) there should be an overall outer limit on the cumulation of consecutive sentences for multiple offenses not to exceed the sum of the longest terms (including an extended term, if eligible) that could be imposed for the two most serious offenses. [*Id.* at 643–44 (footnote omitted).]

Supplementing the foregoing, we pointed out in *State v. Miller,* 108 *N.J.* 112 (1987), that "[t]he focus should be on the fairness of the overall sentence, and the sentencing court should set forth in detail its reasons for concluding that a particular sentence is warranted." *Id.* at 122.

The record reveals that the sentencing court had a working familiarity with the foregoing criteria and was sensitive to their proper application. The court's exercise of discretion to impose

consecutive sentences was supported by a separate statement of reasons:

> I find as follows: To support the necessity for a consecutive sentence these are unrelated episodes. They deal with, therefore, separate offenses. They are predominantly independent of each other. The crimes were committed at different times and separate places. They involved multiple victims and I'm satisfied that it does not indicate one single brief period personality behavior, and I'm satisfied that a consecutive sentence is warranted.
>
> The bottom line of this sentence is to impose upon the defendant a ten year period of incarceration and a five year period of parole ineligibility.

Significantly, the trial court, perhaps anticipating the warning in *State v. Miller, supra,* 108 *N.J.* at 122, avoided "double counting" of the factors relied on in imposing the maximum sentence for each offense, with a parole disqualifier, and in making the sentences consecutive.

Finally, we cannot overlook the fact that when defendant first challenged his sentence before the Appellate Division's Excessive Sentence Oral Argument panel, his lawyer took pains to emphasize that the only aspect of the sentence he was attacking was the period of parole ineligibility: "We're not challenging the consecutive. * * * We don't have any problem with the consecutive, to make that clear. * * * We want a straight ten year New Jersey State Prison term."

In any event, we are satisfied that the *Yarbough* standards were met in this case. The sentencing court's statement of reasons for the consecutive terms reflected "an overall evaluation of the punishment for the several offenses," *Yarbough, supra,* 100 *N.J.* at 646; "focus[ed] on the fairness of the overall sentence," *Miller, supra,* 108 *N.J.* at 122; and took into account all the circumstances of the offenses, *State v. Sainz,* 107 *N.J.* 283, 293 (1987). The court's statement of reasons, although terse, was sufficient. After all, as we have pointed out, "[i]t is not necessary that every sentence be a discourse." *State v. Dunbar,* 108 *N.J.* 80, 97 (1987).

—C—

■ We have treated separately the discrete components of the aggregate term—the parole disqualifier and the consecutive

sentences. But we recognize that even though there may be justification for each component when viewed separately, the whole here may be greater than the sum of its parts. Put more mundanely, the question is whether, despite the independent justification for the separate elements of the sentence, the aggregate sentence nevertheless manifests such a clear error of judgment as to shock the judicial conscience. We are not persuaded that it does.

Defendant's pre-sentence report discloses a lengthy record that goes back to 1979. It includes four complaints as a juvenile and eleven arrests as an adult. He has been on probation in four counties, has served time in a county jail following violation of parole, and has absconded from supervision. Although we would acknowledge that the aggregate sentence might been seen as severe, it is hardly so harsh, so wide of the mark, as to shock the conscience.

### III

The twin pillars of a principled sentencing structure are a resolutely independent trial court that fears or favors no external influence on the measure of its discretion, and an effective system of appellate review designed to guarantee a "predictable degree of uniformity." *State v. Hodge*, 95 *N.J.* 369, 379 (1984). Our Appellate Division has fashioned an exceptionally responsive system of individualized appellate review of trial-court sentencing through its Excessive Sentence Oral Appeal program. Inevitably the members of the Excessive Sentence panels will disagree with many of the sentences under review. There is no litmus test that will categorically demark the point at which experienced appellate judges, in the exercise of their review jurisdiction, will find a sentence to be so clearly wide of the mark as to shock the court's conscience. All agree that the rubric does not embrace disagreement over sentencing results.

Our opinion today explores no untouched territory. It is, rather, the application of well-established criteria to a case in

which a sentencing court and the Appellate Division saw the situation in starkly different terms. We are unable to agree that the reservoir of judicial conscience calls for revision of this sentence. When the principles of sentencing that we have extracted from the Code are adhered to, sentencing decisions will be upheld despite the presence of room for reasonable disagreement.

The judgment is modified to vacate the sentence imposed by the Appellate Division and to reinstate the sentence of the trial court.

So ordered.

*For modification and reinstatement* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN—7.

*Opposed* —None.