649 A.2d 858

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. MICHAEL DELLA ROSA, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 11, 1994—Decided October 25, 1994.

Before Judges PETRELLA and CUFF.

*De Luca & Taite*, attorneys for appellant (*Samuel R. De Luca* and *George T. Taite*, on the brief).

*Carmen Messano,* Hudson County Prosecutor, attorney for respondent (*Thomas M. Moran,* Assistant Prosecutor, on the letter brief).

PER CURIAM.

Defendant Michael Della Rosa appeals from the Law Division's finding that he had violated probation pursuant to *N.J.S.A.* 2C:45–3 and from his resentencing under *N.J.S.A.* 2C:43–6(a) to four years in prison. A stay was granted pending appeal.

On appeal, Della Rosa relies on an "agreement" he signed with the Hudson County Probation Department that essentially required him to comply with the probation conditions in return for the possibility of a shorter probationary period. In asserting the validity of this agreement Della Rosa argues:

I. The contract is a valid agreement and within the contemplation of the sentencing judge when imposing the original sentence, and the agreement does not fail for inadequacy of consideration.

II. Based upon the court's findings as to the date of notification the contract probation period had expired and no violation of probation could have occurred.

III. The trial judge should have recused himself upon defendant's motion.

The history of this matter can be briefly stated. On November 3, 1989, Della Rosa pleaded guilty to possession of gambling records (*N.J.S.A.* 2C:37–3(c)) and was sentenced to five years of probation, beginning on November 27, 1989. On December 11, 1989, Della Rosa agreed to comply with probation conditions in a document whose general terms were apparently approved by the then assignment judge.[1] The document is entitled "Hudson County Probation Department Contract Probation." The introductory paragraph recites:

Pursuant to an agreement with the Assignment Judge of Hudson County, Probation terms *may automatically* be reduced upon the successful completion of mutually agreed upon criteria. (Emphasis added).

---

[1] The record is not at all clear as to the origin of the particular document and whether it was expressly approved by the assignment judge for general use or for use in Della Rosa's case.

The agreement is signed only by Della Rosa and a supervising probation officer. A copy of the agreement is annexed to this opinion as an exhibit.

Under the agreement, Della Rosa could be eligible for a reduced term of three years and four months, provided he: reported regularly to probation as instructed; paid his fine of $5,000 and court costs; paid his Violent Crimes Compensation Board (VCCB) penalty of $30; and obeyed all the other conditions of probation which he had signed in addition to this contract. No special conditions were imposed. Thus, Della Rosa in effect undertook to do no more than he was required to do by statute with respect to probation, *see N.J.S.A.* 2C:45–1(b)(10) (report to the probation officer on the case); *N.J.S.A.* 2C:45–1(b)(11) (pay a fine); and *N.J.S.A.* 2C:45–1(c) (pay the VCCB penalty amount specified under *N.J.S.A.* 2C:43–3.1).

Since Della Rosa signed this "agreement" on December 11, 1989, the three-year-four-month period would have run on March 3, 1993, and he would have been eligible for early discharge from probation.

On January 16, 1992, Della Rosa was arrested in New York City and charged with promoting gambling. On November 16, 1992, Della Rosa's original probation officer received notice from New York City that Della Rosa had violated his probation terms. This notice was transmitted to the new assignment judge in Hudson County the next day, with a suggestion that he "await further developments" in connection with the charges in New York before beginning procedures to terminate Della Rosa's probation in Hudson County. Shortly thereafter, Della Rosa's probation officer verbally informed Della Rosa that the arrest was a violation of probation.

Della Rosa continued to report to probation during the pendency of the New York complaint. Della Rosa entered a guilty plea in the New York State Supreme Court in July 1993. Although the original probation officer indicated he had told Della Rosa that early termination of probation would not be possible

because of that arrest, the officer neglected to make a written note of that in the file. Consequently, the trial judge found that Della Rosa did not receive oral notice of termination until March 15 when Della Rosa's second probation officer informed him that the agreement was void. This occurred after the anticipated early discharge date of March 3, 1993.

Formal revocation of probation proceedings were instituted on August 16, 1993. Revocation hearings took place before the assignment judge on September 21 and October 12, 1993. On the latter date, the judge determined that the "contract" lacked consideration and was more akin to a "behavioral tool" frequently used by probation departments to secure good behavior from probationers. In addition, he concluded that Della Rosa was not prejudiced even though the State had not given him notice before March 3, 1993 of its intention to revoke his probation and resentence him. In so concluding, the judge reasoned that Della Rosa should have known at the time of the arrest that his conduct constituted a material breach of the probation terms.

Finally, the judge denied defendant's attorney's presentence application that the judge recuse himself on the ground that assignment judges could not rule on resentencing that had resulted from violation of "contract probation" because the original assignment judge was an interested party to the "contract."

Although the "contract probation" document as a "behavioral modification tool" purports to be based on the authority in *N.J.S.A.* 2C:45–2, that statute requires in each instance the approval of the court of all action with respect to termination of probation, or extension or modification of the terms or conditions of probation. The probation department has no authority to take final action. To construe the term "may automatically be reduced" as suggested by Della Rosa would, in effect, unlawfully delegate a sentencing power to the probation department and minimize the discretionary term "may."

We agree, moreover, with the sentencing judge that the "contract probation" document lacks consideration and requires no

more than is already required by the statutes and case law of this State.  Defendant should not be "automatically" rewarded for doing what he is required to do under the terms of the statutes and the usual conditions of probation imposed in accordance with the statutes.  The language *"may* automatically be reduced *upon the completion"* (emphasis supplied) of the terms of probation when read in conjunction with *N.J.S.A.* 2C:45–2(a), indicates that early release is still discretionary with the court and comes only after the court determines that the probationer has fulfilled the conditions of probation.

Here, there were sufficient grounds for revocation of Della Rosa's probation even before the three-year-four-month period was up and Della Rosa was well aware of this.

The sentence imposed was within the sentencing discretion of the judge and there is no warrant for our interference with it. *State v. Ghertler,* 114 *N.J.* 383, 555 *A.2d* 553 (1989); and *State v. Hodge,* 95 *N.J.* 369, 471 *A.2d* 389 (1984).

There is no merit to Della Rosa's claim that the assignment judge should have recused himself in this matter.

We affirm substantially for the reasons expressed by Judge D'Italia in his oral decision of October 12, 1993.  The stay is vacated.

# EXHIBIT

*MAP*

## CONTRACT PROBATION

MICHAEL DELLA ROSA
_Probationer_

58,605
_Case #_

### Introduction

Pursuant to an agreement with the Assignment Judge of Hudson County, Probation terms may automatically be reduced upon the successful completion of mutually agreed upon criteria.

### AGREEMENT

I, _Michael Della Rosa_, agree to do the following in return for a promise by the Hudson County Probation Department to reduce my Probation term according to the following schedule:

| Original Term | Reduced Term |
|---|---|
| 5 yrs. | 3 yrs., 4 mos. |
| 4 yrs. | 2 yrs., 8 mos. |
| 3 yrs. | 2 yrs. |
| 2 yrs. | 1 yr., 4 mos. |
| 1 yr. | 8 mos. |
| Other _____ | _____ |

After negotiation, I have agreed to:

1) Report regularly to Probation as instructed.

2) Pay my Fine & Court Costs of $ _5000⁰⁰_ by _____ at a rate of $ ____ per ____ . _(date)_

3) Pay my V.C.C.B. Penalty of $ _30⁰⁰_ by _____ . _(date)_

4) Obey all other conditions of Probation which I have signed in addition to this contract.

5) Comply with the following special conditions:

    a) _____

    b) _____

    c) _____

I realize that my failure to comply with a material condition is a breach of this Contract and may result in the imposition of the original Probation term, a renegotiation of the terms of this Contract or a Violation of Probation. Determination of material breach shall be in the sole discretion of the Supervising Officer after the Probationer is given an opportunity to present reasons why the Contract should not be revoked.

A determination by the Supervising Officer that the Contract should be revoked is subject to appeal to the Chief Probation Officer whose decision in this matter shall be final. The appeal process shall include the following:

1) Written notice to the Probationer of the claimed breach.

2) Disclosure of the evidence against him.

3) An opportunity to be heard by the Chief Probation Officer or a neutral Hearing Officer appointed by the Chief for such purpose.

4) The right to confront and cross-examine the Supervising Officer who revoked the Contract.

5) A written final decision including reasons for such decision.

I realize that I may retain counsel to speak on my behalf although counsel is not required.

I further realize that I may terminate this Contract at any time without penalty.

This will result in the imposition of the original Probation term.

I have read or had explained to me the foregoing Contract. I understand it, and I have received a copy of it.

_John T. Vorrius P.T.O. II_ _Michael Allen Kron_
Supervising Probation Officer                    Probationer

_12/11/89_                    _12/11/89_
Date                    Date

649 A.2d 862

## STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSE RIBALTA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 26, 1994—Decided November 3, 1994.