678 A.2d 308

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. HENRY JUNIOR MORTON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 25, 1996—Decided July 2, 1996.

Before Judges MICHELS and KING.

*Susan L. Reisner*, Public Defender, attorney for appellant (*Joel C. Seltzer*, Designated Counsel, of counsel and on the brief).

*Deborah T. Poritz,* Attorney General of New Jersey, attorney for respondent (*Bennett A. Barlyn,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Defendant Henry Junior Morton appeals from a conviction for aggravated assault, a crime of the second degree, in violation of *N.J.S.A.* 2C:12–1b(1), following a jury trial. The trial court committed defendant to the custody of the Commissioner of the Department of Corrections for nine years and assessed a $50 Violent Crimes Compensation Board penalty.

This matter arises as a result of defendant beating his girlfriend, A.M. A.M. filed a domestic violence complaint against defendant, alleging that defendant caused serious personal injuries when he physically beat and kicked her. Following an evidential hearing before the Chancery Division, Family Part, the trial court found that defendant committed acts of domestic violence against A.M. and ordered him to pay A.M. $21,561 for the medical costs incurred and $250,000 as compensation for her pain and suffering. Thereafter, defendant was indicted by the Camden County Grand Jury and charged with second degree aggravated assault in violation of *N.J.S.A.* 2C:12–1b(1). Defendant was tried to a jury and convicted of second degree aggravated assault. Following the imposition of sentence, defendant appealed.

Defendant seeks a reversal of his conviction, or, alternatively, a modification of his sentence on the following grounds set forth in his brief:

POINT I TWO HUNDRED FIFTY THOUSAND DOLLAR FINE IMPOSED ON DEFENDANT IN DOMESTIC VIOLENCE PROCEEDING WHICH WAS PUNITIVE IN NATURE BARRED SUBSEQUENT CRIMINAL TRIAL AS CONTRARY TO DOUBLE JEOPARDY CLAUSE OF THE U.S. CONST., AMEND V, NEW JERSEY CONSTITUTION, ART. 1, PARA. 11, AND *N.J.S.A.* 2C:1–8.

(A)

LEGISLATIVE DECLARATION MARKING N.J.S.A. 2C:25–17 et.seq. (DO-
MESTIC VIOLENCE ACT) AS CIVIL PROCEDURE MUST BOW TO OB-
JECTIVE DETERMINATION THAT THE FINE IMPOSED WAS PUNI-
TIVE.

POINT II SENTENCE IMPOSED BY THE COURT WAS EXCESSIVE AND
CONTRARY TO *N.J.S.A.* 2C:44–1 et seq.

We have carefully considered these contentions and all support-
ing arguments advanced by defendant and find that they are
without merit and warrant only the following discussion in a
written opinion. *R.* 2:11–3(e)(2).

## I.

We emphasize that the Double Jeopardy Clause con-
tained in the Fifth Amendment of the United States Constitution
does not preclude defendant's criminal prosecution and conviction
even though a $250,000 judgment had previously been entered
against him in a proceeding under the Domestic Violence Act,
*N.J.S.A.* 2C:25–17 *et. seq.,* arising out of the same incident that
gave rise to the indictment. The Double Jeopardy Clause of the
Fifth Amendment provides that no person "shall be subject for the
same offense to be twice put in jeopardy of life and limb." This
clause is designed to protect against three types of abuses: a
second prosecution for the same offense after the defendant has
been acquitted, a second prosecution for the same offense after
the defendant has been convicted, and multiple punishments for
the same offense. *United States v. Halper,* 490 *U.S.* 435, 440, 109
*S.Ct.* 1892, 1900, 104 *L.Ed.*2d 487, 496 (1989); *North Carolina v.
Pearce,* 395 *U.S.* 711, 717, 89 *S.Ct.* 2072, 2076, 23 *L.Ed.*2d 656, 664–
65 (1969); *Ayars v. New Jersey Dep't of Corrections,* 251 *N.J.Su-
per.* 223, 226, 597 *A.*2d 1084 (App.Div.1991). *See also United
States v. Ursery,* —— *U.S.* ——, ——, 116 *S.Ct.* 2135, ——, 135
*L.Ed.*2d 549, —— (1996) (stating that Double Jeopardy Clause
prevents both successive punishments and successive prosecu-
tions).

In *United States v. Halper, supra,* 490 *U.S.* at 446, 109 *S.Ct.* at 1901, 104 *L.Ed.*2d at 500–01, the key questions were whether and under what circumstances a civil penalty may constitute punishment for purposes of the Double Jeopardy Clause. The United States Supreme Court, in discussing the Double Jeopardy Clause's proscription against multiple punishments, explained:

> This constitutional protection is intrinsically personal. Its violation can be identified only by assessing the character of the actual sanctions imposed on the individual by the machinery of the state.
>
> In making this assessment, the labels "criminal" and "civil" are not of paramount importance. It is commonly understood that civil proceedings may advance punitive as well as remedial goals, and conversely, that both punitive and remedial goals may be served by criminal penalties. [*United States ex rel Marcus v. Hess,* 317 *U.S.* 537, 554, 63 *S.Ct.* 379, 389, 87 *L.Ed.* 443, 454-55 (1943).] The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law, and for the purposes of assessing whether a given sanction constitutes multiple punishment barred by the Double Jeopardy Clause, we must follow the notion where it leads. . . . To that end, the determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment.
>
> [*United States v. Halper, supra,* at 447–48, 109 *S.Ct.* at 1901–1902, 104 *L.Ed.*2d at 501 (footnotes omitted).]

In a footnote to the above discussion, the Supreme Court indicated that:

> This is not to say that whether a sanction constitutes punishment must be determined from the defendant's perspective. On the contrary, our cases have acknowledged that for the defendant even remedial sanctions carry the sting of punishment. See, e.g. *United States ex rel. Marcus v. Hess,* 317 *U.S.* 537, 551, 63 *S.Ct.* 379 [387–88], 87 *L.Ed.* 443 [453] (1943). Rather, we hold merely that in determining whether a particular civil sanction constitutes punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated.
>
> [*United States v. Halper, supra,* 490 *U.S.* at 447–48, 109 *S.Ct.* at 1901–1902, 104 *L.Ed.*2d at 501.]

The Supreme Court went on to discuss the goals of punishment, stating:

> We have recognized in other contexts that punishment serves the twin aims of retribution and deterrence. . . . Furthermore, "[r]etribution and deterrence are not legitimate nonpunitive governmental objectives." *Bell v. Wolfish,* 441 *U.S.* 520,

539, n. 20, 99 *S.Ct.* 1861 [1874, n. 20], 60 *L.Ed.*2d 447 [468, n. 20] (1979). From these premises, it follows that a civil sanction that cannot fairly be said to serve a remedial purpose, but rather can only be explained as also serving also retributive or deterrent purposes, is punishment, as we come to understand the term.... We therefore hold that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.

[*United States v. Halper, supra* 490 *U.S.* at 448–49, 109 *S.Ct.* at 1902, 104 *L.Ed.*2d at 502.]

Application of the *Halper* analysis compels the conclusion that the Double Jeopardy Clause does not preclude defendant's criminal prosecution and conviction following the entry of the civil judgment against him in the Law Division. The Supreme Court in *Halper* expressly stated that:

[N]othing in today's opinion precludes a private party from filing a civil suit seeking damages for conduct that previously was the subject of criminal prosecution and punishment. *The protections of the Double Jeopardy Clause are not triggered by litigation between private parties.* In other words, the only proscription established by our ruling is that the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole.

[*Halper, supra,* 490 *U.S.* at 451, 109 *S.Ct.* at 1903, 104 *L.Ed.*2d at 503–504 (emphasis added) (footnote omitted).]

The monetary judgment recovered against defendant by the victim as compensation for her loss was entered pursuant to the Domestic Violence Act. It is plain that our Legislature intended that most remedies contained in the Domestic Violence Act be of a civil nature. *See N.J.S.A.* 2C:25–18 (referring to the "civil remedies created under this act"); Cannel, *New Jersey Criminal Code Annotated,* comment 2 on *N.J.S.A.* 2C:25–17 ("Although it is a part of the Criminal Code, very little of Chapter 25 concerns substantive criminal law. The Chapter defines no new crimes. Instead it provides for particular procedures and predominantly civil remedies in cases where [certain] crimes ... have been committed...."). Although our courts have stated that the legislative labeling of a penalty is given substantial weight, *Merin v. Maglaki,* 126 *N.J.* 430, 441, 599 *A.*2d 1256 (1992); *State v. Darby,* 246 *N.J.Super.* 432, 440, 587 *A.*2d 1309 (App.Div.), *certif. denied,*

126 *N.J.* 342, 598 *A.*2d 898 (1991), *Halper* makes clear that the inquiry must focus on the nature of the particular civil sanction in question. There, the Supreme Court stated that "while recourse to the statutory language, structure, and intent is appropriate in identifying the inherent nature of a proceeding, or in determining the constitutional safeguards that must accompany those proceedings as a general matter, the approach is not well suited to the context of the "humane interests" safeguarded by the Double Jeopardy Clause's proscription of multiple punishments." *Halper, supra,* 490 *U.S.* at 447, 109 *S.Ct.* at 1901, 104 *L.Ed.*2d at 501. The Supreme Court went on to state that "[t]his constitutional protection is intrinsically personal. Its violation can only be identified by assessing the character of the actual sanctions imposed on the individual by the machinery of the state." *Ibid.* (footnote omitted).

*N.J.S.A.* 2C:25–29(b)(4) of the Domestic Violence Act authorizes the court to enter an order requiring a defendant to pay the victim monetary compensation for losses suffered as a direct result of an act of domestic violence, including "compensation for pain and suffering." Here, the trial court explicitly found that the victim had sustained a number of injuries due to the attack, including injury to her spleen, leg, ribs and eye. The court noted that the victim remains under medical treatment and that she may require additional medical services. The trial court stated that the victim appeared to have permanent injuries to the eye, stomach, side and leg. The trial court, therefore, properly ordered defendant to pay the victim's medical bills and awarded her an additional $250,000 for pain and suffering. The nature of the monetary award here was clearly remedial, designed to make the victim whole by compensating her for the medical expenses incurred and the personal injuries sustained by virtue of the assault and was not punitive in nature. *Halper* makes plain that remedial awards which do not serve deterrent or retributive purposes will not violate the Double Jeopardy Clause even when a criminal conviction arises out of the same incident. *Halper, supra,* 490 *U.S.* at 448–49, 109 *S.Ct.* at 1902, 104 *L.Ed.*2d at 502.

Furthermore, defendant's conviction for aggravated assault did not violate the Double Jeopardy Clause because the domestic violence proceeding was between the victim and defendant and did not involve the State. *Halper* states that "[t]he protections of the Double Jeopardy Clause are not triggered by litigation between private parties." *Id.* at 451, 109 *S.Ct.* at 1903, 104 *L.Ed.*2d at 503. Since the domestic violence action in this case did not involve the State, the Double Jeopardy Clause was not implicated. *Ibid., see also Browning–Ferris Indus., Inc. v. Kelco Disposal, Inc.,* 492 *U.S.* 257, 260, 109 *S.Ct.* 2909, 2912, 106 *L.Ed.*2d 219, 228 (1989) (holding that Excessive Fines Clause of Eighth Amendment does not apply to punitive damage awards between private parties). Consequently, the trial court properly denied defendant's motion to dismiss the indictment on double jeopardy grounds.

## II.

■ We are satisfied that the sentence imposed upon defendant was neither illegal nor excessive. The sentence complied with the provisions of the New Jersey Code of Criminal Justice and resulted from the trial court's balancing of the aggravating factors against the mitigating factors. The totality of the aggravating factors substantially outweighed the mitigating factors and the trial court's findings in this regard are amply supported by the record. The nine-year term imposed upon defendant for the second degree aggravated assault, while in the high range of allowable sentences for such a crime, is neither manifestly excessive nor unduly punitive. Moreover, it does not represent a miscarriage of justice or shock the judicial conscience. See *State v. O'Donnell,* 117 *N.J.* 210, 215–16, 564 *A.*2d 1202 (1989); *State v. Jarbath,* 114 *N.J.* 394, 401, 555 *A.*2d 559 (1989); *State v. Ghertler,* 114 *N.J.* 383, 387–88, 393–94, 555 *A.*2d 553 (1989); *State v. Roth,* 95 *N.J.* 334, 364–65, 471 *A.*2d 370 (1984).

Accordingly, the judgment of conviction and order for commitment under review are affirmed.