**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2742-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SHAKEYSHA L. PRUITT,

      Defendant-Appellant.

_____

Submitted September 25, 2018 – Decided October 18, 2018

Before Judges Yannotti and Natali.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Accusation No. 14-06-1806.

Joseph E. Krakora, Public Defender, attorney for appellant (Robert Carter Pierce, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Nancy P. Scharff, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order of the Law Division dated February 3, 2017, which denied her petition for post-conviction relief (PCR). We affirm.

I.

On July 28, 2013, Kafarr Logan Horton called a friend and asked him to come to his residence in Oaklyn, New Jersey. Horton said he would help his friend retrieve his car, but he first had to drive a female to Camden. Horton's friend drove to Horton's residence, and honked his horn to let Horton know he had arrived. Horton and a female exited the apartment. Horton was covered in blood from his chest to his shoes, and he said he had been stabbed. Horton had to lean on the female to walk to the car. They entered the car and drove to a hospital in Camden. Horton later was taken to a trauma center where he died.

The police investigated the incident, obtained surveillance videos, and identified defendant as the female who accompanied Horton to the hospital. Defendant later provided a statement to investigators at the Camden County Prosecutor's Office. Initially, defendant denied knowing Horton, but later admitted she was with him on July 28, 2013. Defendant said she met Horton at a Dunkin' Donuts, and after making other stops, they went to his apartment.

Defendant stated that she and Horton had sexual intercourse twice. She claimed Horton became rough the second time, and after they finished, Horton

A-2742-16T1

was lying on the bed talking on his phone. Defendant went to the kitchen, took a knife, hid it under a towel, and returned to the bedroom. She stabbed Horton in the chest. Defendant was charged in W-2013-000115-0426 with purposeful and knowing murder, contrary to N.J.S.A. 2C:11-3(a)(1) or (2).

On June 19, 2014, defendant appeared before Judge John T. Kelley, waived indictment, and pled guilty to first-degree aggravated manslaughter, contrary to N.J.S.A. 2C:11-4(a). The State agreed to drop the murder charge. The State also agreed to an open plea, with a maximum term of twenty years of incarceration, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

At the plea hearing, defendant admitted that on July 28, 2013, she accompanied Horton to his apartment where they had "intimate relations" and got into a dispute. She said she left the bedroom, went to the kitchen, got a knife, folded it in a towel, and returned to the bedroom where she stabbed Horton twice in the chest. Defendant admitted she recklessly caused Horton's death under circumstances manifesting indifference to human life. She also waived any defense of intoxication, self-defense, or passion/provocation.

Judge Kelley sentenced defendant on July 25, 2014. The judge found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (risk that defendant will commit another offense); and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter

3

defendant and others from violating the law). The judge found mitigating factor seven, N.J.S.A. 2C:44-1(b)(7) (defendant has no history of prior delinquency or criminal activity). The judge also found mitigating factor nine, N.J.S.A. 2C:44-1(b)(9) (character and attitude of defendant indicate she is unlikely to commit another offense), but gave it little weight. The judge sentenced defendant to twenty years of incarceration, subject to NERA. The judge filed a judgment of conviction (JOC), dated July 29, 2014.

Defendant appealed and challenged her sentence, and the court heard the appeal on its Excessive Sentence Oral Argument calendar. See R. 2:9-11. The court affirmed defendant's sentence, finding that it was not manifestly excessive, unduly punitive, or an abuse of discretion. State v. Pruitt, No. A-0830-14 (App. Div. March 10, 2015).

On May 11, 2016, defendant filed a pro se petition for PCR. The trial court assigned counsel to represent defendant, and counsel filed an amended petition. Defendant also filed a certification in support of her petition. Judge Kelley heard oral argument and placed a decision on the record.

Judge Kelley determined that Rules 3:22-3, 3:22-4, and 3:22-5 barred defendant's claims regarding her sentence because a PCR petition is not a substitute for a direct appeal; and the issues presented either were decided in the

prior appeal, or could have been raised in that proceeding. The judge also determined that defendant had not presented a prima facie claim of ineffective assistance of counsel, and an evidentiary hearing was not required. The judge entered an order dated February 3, 2017, denying PCR.

Defendant appeals and argues:

> POINT I
> THE PCR COURT ERRED BY NOT MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING [DEFENDANT'S] PRO SE [PETITION FOR] PCR.
>
> POINT II
> THE PCR COURT ERRED BY NOT ORDERING THE RESENTENCING OF [DEFENDANT], BECAUSE SHE WAS DEPRIVED OF [THE] EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING STAGE OF THE CRIMINAL PROCEEDING.
>
> POINT III
> THE PCR COURT ERRED BY DENYING [DEFENDANT] AN EVIDENTIARY HEARING.
>
> POINT IV
> THE PCR COURT ERRED IN DENYING [DEFENDANT] PCR UPON PROCEDURAL GROUNDS PURSUANT TO [RULES] 3:22-3, 3:22-4 AND 3:22-5.
>
> POINT V
> [DEFENDANT] WAS DEPRIVED [OF] EFFECTIVE ASSISTANCE OF PCR COUNSEL. (Not Raised Below).

A-2742-16T1

## II.

As noted, on appeal, defendant argues that the PCR court erred by finding that she failed to present a prima facie case of ineffective assistance of counsel and denying her request for an evidentiary hearing. She also contends the PCR court erred by finding that her claims were barred by Rules 3:22-3, 3:22-4, and 3:22-5.

The PCR court should conduct an evidentiary hearing if the defendant presents a prima facie case in support of PCR, there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

A claim of ineffective assistance of counsel is reviewed under the two-part test established by Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under Strickland, the defendant must show that counsel's performance was deficient and, if so, that there was a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 687, 694.

Here, defendant argues she was denied the effective assistance of counsel at sentencing. She asserts she stabbed Horton without warning. She states that instead of fleeing, she attempted to render treatment and accompanied Horton to the hospital, where she purportedly apologized to him. Defendant argues that "[t]he red flags for mental disease or defect were readily apparent" and "defense counsel was required to investigate [her] mental health by ordering a psychiatric evaluation."

Defendant asserts that if her attorney had taken that course, counsel would have had psychiatric evidence that she was suffering from Post-Traumatic Stress Disorder (PTSD), depression, and other mental disorders, which were not being treated at the time of the incident. She claims this would have supported findings by the sentencing judge of mitigating factors four, N.J.S.A. 2C:44-1(b)(4) (substantial grounds tending to excuse or justify defendant's conduct); and eight, N.J.S.A. 2C:44-1(b)(8) (defendant's conduct the result of circumstances unlikely to recur).[1]

---

[1] Defendant also claims the evidence would have supported a finding of mitigating factor nine; however, as noted previously, at sentencing, the judge

Judge Kelley found, however, that defendant's attempt to re-argue the aggravating and mitigating factors is barred by <u>Rule</u> 3:22-3 because a PCR petition is not a substitute for a direct appeal. The judge also found that the claim was barred by <u>Rules</u> 3:22-4 and 3:22-5 because defendant challenged her sentence on direct appeal. In that appeal, defendant argued that the sentencing judge erred by finding aggravating factor three. Judge Kelley noted that defendant could have argued that the judge erred by failing to find mitigating factors four and eight.

In addition, Judge Kelley determined that mitigating factor four did not apply. The judge noted that defendant had submitted five medical records. Two of those records had little or no comment on any mental health issue. The three remaining records appeared to be from a psychologist or psychiatrist, and indicated that defendant suffered from anxiety and depression two years before she stabbed Horton.

The judge found that there was insufficient evidence to link defendant's mental health problems and the offense. In addition, the judge noted that drug dependency is not justification for an offense and is not considered a mitigating

---

found mitigating factor nine but gave it little weight. The JOC does not mention that finding.

A-2742-16T1

factor for sentencing purposes. See State v. Ghertler, 114 N.J. 383, 390 (1989); State v. Towey, 244 N.J. Super. 582, 595 (App. Div. 1990).

The judge also found that defendant's untreated mental health problems and substance abuse did not support a finding of mitigating factor eight. The judge noted that defendant had already received the benefit of a downgraded charge from purposeful, knowing murder to aggravated manslaughter, which substantially reduced her sentencing exposure. The judge found that it would be inappropriate to give defendant an additional benefit by finding mitigating factor eight.

The judge also determined that there was no basis to find mitigating factor twelve. The judge pointed out that defendant initially denied any involvement in Horton's stabbing and only confessed after she was confronted with the surveillance tape showing her at the hospital with Horton. Defendant did not assist law enforcement officers resolve other crimes. The judge therefore found that mitigating factor twelve did not apply.

The record supports Judge Kelley's findings of fact and his conclusion that defendant failed to present a prima facie case of ineffective assistance of counsel. The record supports the judge's conclusion that counsel did not err by failing to argue mitigating factors four, eight, and twelve at sentencing. The

9

record also supports the judge's finding that defendant had not shown the result would have been different if counsel had argued for the additional mitigating factors. Moreover, despite defendant's claim to the contrary, defense counsel did argue mitigating factor nine.

III.

Defendant further argues that the matter should be remanded to the PCR court because the judge did not address the claims asserted in her pro se petition. Defendant argues that she was denied the effective assistance of counsel at the plea stage of the proceedings.

Where, as here, the defendant alleges she was denied the effective assistance of counsel with regard to a guilty plea, defendant must establish that counsel's performance "was not 'within the range of competence demanded of attorneys in criminal cases[.]'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)). The defendant also must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have [pleaded] guilty and would have insisted on going to trial." Ibid. (first alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)); see also State v. Nuñez-Valdéz, 200 N.J. 129, 142 (2009) (quoting DiFrisco, 137 N.J. at 457).

Defendant claims she did not enter her guilty plea knowingly and intelligently because her attorney allegedly "fail[ed] to advise her of available defenses, such as PTSD, self-defense, diminished capacity[,] and battered woman's syndrome." She claims her attorney did not "explain the elements that constitute the crime of aggravated manslaughter[,] and that the State ha[d] the burden of proving all of the elements beyond a reasonable doubt." She asserts her attorney should have obtained a psychiatric evaluation, which would have revealed she was suffering from PTSD and other mental disorders.

Here, Judge Kelley noted in his order denying PCR that he had considered defendant's pro se arguments. In his decision, Judge Kelley specifically noted the standard that applies to claims of ineffective assistance of counsel regarding a plea. The judge stated that defendant claimed her attorney did not properly investigate the case but failed to present an affidavit or certification setting forth the facts such an investigation would have revealed. The judge also pointed out there was insufficient evidence to support defendant's claim that her mental health disorders contributed to the commission of the offense.

Furthermore, the transcript of the plea hearing provides no support for defendant's claim that her attorney failed to provide her with sufficient advice when she entered her plea. The court asked defendant whether she had an

11

opportunity to review the case with her attorney, and she said, "Yes." The court asked defendant whether her lawyer had answered all of her questions about the charges. She replied, "Yes." Defendant also acknowledged counsel had provided her with all of the discovery materials. Defendant acknowledged that by pleading guilty, she was giving up certain rights, including the right to a jury trial and the right to have the State prove she was guilty beyond a reasonable doubt.

In addition, defendant told the court she understood the charge of aggravated manslaughter. She said she was satisfied with the legal advice provided by her attorney, and she was pleading guilty voluntarily. Defendant was asked if she was waiving a defense based on intoxication, self-defense, or passion/provocation. She replied, "Yes." She also said she had discussed these defenses with her attorney and she understood them.

We therefore reject defendant's contention that the PCR court failed to address the claims asserted in her pro se petition. The record supports the PCR court's determination that defendant had not presented a prima facie case of ineffective assistance of counsel with regard to her plea.

12

Defendant also argues that she was denied the effective assistance of PCR counsel. She argues PCR counsel was deficient in failing to order a psychiatric evaluation and present those findings to the PCR court. She also contends PCR counsel erred by failing to provide sufficient support to her contention that she was denied the effective assistance of counsel at the plea stage of the proceedings. We decline to address these arguments because defendant raises them for the first time on appeal. See State v. Robinson, 200 N.J. 1, 20 (2009) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). If defendant wishes to pursue a claim that she was denied the effective assistance of PCR counsel, she must first do so in the trial court.

Affirmed, but remanded to the trial court to enter a corrected JOC stating that the court found mitigating factor nine, but gave this factor little weight.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION