**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3707-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ELIAH HAWKINS,

    Defendant-Appellant.

_____

Submitted October 26, 2021 – Decided December 13, 2021

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-08-1893.

Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa Aiello, Assistant Deputy Public Defender, of counsel and on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Eighteen-year-old defendant Eliah Hawkins and another man approached the victim who was standing outside an ATM machine. They pretended to have a gun and told the victim to withdraw money. After the victim did so, defendant took the money and the victim's cellphone. They had previously robbed the same victim earlier that day at a bus stop.

Defendant pleaded guilty to first-degree robbery, N.J.S.A. 2C:15-1, and second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2. The remaining five counts were dismissed. In 2016, the court sentenced defendant to ten years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. This was the recommended sentence in the plea bargain.

On appeal, defendant presents two points for our consideration:

> POINT I
>
> THE LAW REQUIRING SENTENCING MITIGATION FOR YOUTHFUL DEFENDANTS DEMANDS RETROACTIVE APPLICATION BECAUSE THE LEGLISLATURE INTENDED IT, THE NEW LAW IS AMELIORATIVE IN NATURE, THE SAVINGS [STATUTE] IS INAPPLICABLE, AND FUNDAMENTAL FAIRNESS REQUIRES RETROACTIVITY.
>
> A. The Legislature Intended Retroactive Application
>
> > 1. The Legislature did not express a clear intent for prospective application.

A-3707-19

2. The other language of the mitigating factor indicates retroactive application; the presumption of prospective application is inapplicable; and the law is clearly ameliorative.

i. There is no manifest injustice to the State in applying the mitigating factor retroactively.

B. The Savings Statute Does Not Preclude Retroactive Application of Ameliorative Legislative Changes, Like the One at Issue Here.

C. Because Retroactive Application of the Youth Mitigator Could Result in a Lower Sentence, A Remand Is Required as a Matter of Fundamental Fairness, and to Effectuate the Remedial Purpose of the Sentencing Commission's Efforts Regarding Juvenile Sentencing.

POINT II

A REMAND FOR RESENTENCING IS REQUIRED BECAUSE THE JUDGE DID NOT PROPERLY CONSIDER WHETHER SENTENCING IN THE SECOND-DEGREE RANGE WAS WARRANTED.

In assessing defendant's arguments regarding his sentence, we apply well settled principles that afford considerable deference to sentencing judges.

As a general proposition, appellate courts may not substitute their judgment for that of the sentencing court, unless the application of the sentencing guidelines to the facts "makes the sentence clearly unreasonable so as to shock the judicial conscience." State v. Roth, 95 N.J. 334, 364-65 (1984); see also State v. Liepe, 239 N.J. 359, 370 (2019) (quoting State v.

McGuire, 419 N.J. Super. 88, 158 (App. Div. 2011)). "[W]hen [trial judges] exercise discretion in accordance with the principles set forth in the Code [of Criminal Justice] and defined by [the Court] . . . , they need fear no second-guessing." State v. Bieniek, 200 N.J. 601, 607-08 (2010) (internal quotations omitted) (quoting State v. Ghertler, 114 N.J. 383, 384-85 (1989)). Once the trial court has balanced the aggravating and mitigating sentencing factors set forth in N.J.S.A. 2C:44-1(a) and – 1(b), it "may impose a term within the permissible range for the offense." Id. at 608; see also State v. Case, 220 N.J. 49, 54 (2014); State v. Fuentes, 217 N.J. 57, 70-71 (2014).

During the sentencing hearing, the court merged count two into count one. Defense counsel acknowledged defendant had eleven arrests and seven adjudications as a juvenile, one for a robbery less than a year before the present offense. Nevertheless, defense counsel requested the court sentence defendant in the second-degree range.

The judge found there were no "interests of justice" to warrant a second-degree sentence. She found no mitigating factors and one aggravating factor, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others from violating the law).

Defendant contends the court erred in rejecting defendant's request to be sentenced within the second-degree range for first-degree robbery. We disagree.

Under N.J.S.A. 2C:44-1f(2) a court may impose a sentence for a crime one degree lower if certain criteria are met. The court must be "clearly convinced" that the mitigating factors substantially outweigh the aggravating factors and it is in the "interests of justice" to do so. Defendant cannot establish either prong of the statute. Therefore, there was no error in the sentencing.

Defendant also contends the case should be remanded for application of the mitigating factor of youth to be considered in sentencing as espoused in L. 2020, c. 110 (eff. Oct. 19, 2020), which amended N.J.S.A. 2C:44-1(b) by adding the defendant's youth (i.e., less than twenty-six years of age) to the mitigating sentencing factors. Our case law has rejected the claim that this statute applies retroactively in the absence of an independent basis to remand a sentence. See State v. Tormasi, 466 N.J. Super. 51, 67 (App. Div. 2021). Since we are not remanding the sentence there is no basis to consider the new "youth factor."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5