**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0297-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM MENTER,

    Defendant-Appellant.

_____

> Submitted October 9, 2024 – Decided October 23, 2024
>
> Before Judges Gooden Brown and Chase.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 94-10-1390.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie D. Elson, Assistant Prosecutor, on the briefs).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant William Menter appeals from the July 19, 2022 order denying his motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(4) and (5). We affirm.

I.

The application to correct an illegal sentence followed a series of filings by defendant through the years challenging his conviction. We briefly discuss that history as well as the salient facts to provide context for the motion underlying this appeal.

In July 1994, defendant murdered his ex-girlfriend's grandmother, mother and seven-year-old cousin by slashing their necks with a box cutter. A fourth family member, a twelve-year-old cousin, was also slashed and severely wounded. One of the victims was found with her shorts and underwear around her ankles. Subsequent forensic test revealed no evidence indicative of a completed sexual assault. Responding officers found two Styrofoam plates at the crime scene. The following message was written on one plate: "Tecia, never f**k with me in life." The other plate read: "[y]ou may have cracked my world, but I devastated yours, go to hell, I'll be waiting for you."

Defendant was subsequently charged, indicted, and entered an initial plea of not guilty. At arraignment, the State provided defendant with a notice of

aggravating factors intended to support a sentence of death for the three murders.

After pre-trial motions, defendant entered pleas of guilty for three counts of first degree murder, N.J.S.A. 2C:11-3(a)(1); one count of first degree attempted murder, N.J.S.A. 2C:11-3; one count of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); one count of third degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); one count of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and one count of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

In exchange for defendant's plea, the State agreed to withdraw the aggravating factors and not seek the death penalty. The State further agreed to recommend a life sentence, with thirty-years of parole ineligibility, be imposed on defendant for each murder count. Additionally, the State agreed to recommend that a sentence of twenty-years with ten-years of parole ineligibility be imposed on defendant for the attempted murder count. The State reserved the right to recommend at sentencing the sentence imposed for each murder count and the attempted murder count run consecutively to each other. Lastly, the State agreed to dismiss the remaining counts of the indictment.

A-0297-22

In April 1996, defendant was sentenced on the first murder count to state prison for a term of life imprisonment with thirty-years of parole ineligibility; on the second murder count to a consecutive term of life imprisonment with thirty-years of parole ineligibility; and on the third murder count to a consecutive term of life imprisonment with thirty-years of parole ineligibility. Additionally, a term of twenty-years with ten years of parole ineligibility was imposed on the attempted murder count consecutive to the murder sentences. A concurrent term of five years was imposed on the possession of a weapon for an unlawful purpose count and a concurrent term of eighteen months was imposed on the unlawful possession of a weapon count. The remaining counts of the indictment were either dismissed or merged. The aggregate sentence imposed on defendant was three life terms plus twenty years with one hundred years of parole ineligibility. He was also ordered to pay a Violent Crimes Compensation Board ("VCCB") penalty.

Defendant filed a timely notice of appeal limited to sentencing issues. The matter was listed on our excessive sentence oral argument ("ESOA") calendar where we heard argument and held the guidelines for imposing consecutive

4

sentences under <u>State v. Louis</u>[1] and <u>State v. Yarbough</u>[2] as amended by N.J.S.A. 2C:44-5a were not correctly applied. <u>State v. Menter</u>, No. A-6794-97 (App. Div. July 21, 1999). Therefore, we ordered "[t]he matter is remanded for reconsideration of that issue, and for reconsideration of the VCCB penalty."

In November 1999, the trial court conducted a hearing on the remand. At the resentencing, defense counsel began by explaining to the judge that, "I will be candid with the court, as I have been with my client." He then continued, "the Appellate Division is addressing primarily what they see as a procedural default and not – and the court— in the court is not addressing each specific consecutive sentence." Defense counsel then contended that even though there were multiple victims, that because it was only one offense that occurred close in time, the court should give only one consecutive sentence. Defendant was neither addressed by the court, nor was he invited to exercise a right of allocution. The State argued for the same sentence to be imposed. Both sides agreed to the reduction of the VCCB penalty.

After acknowledging the mistake in the VCCB penalty, the trial judge reduced the VCCB penalty to $2,000. The court explained that on remand, it

---

[1]  <u>State v. Louis</u>, 117 N.J. 250 (1989).

[2]  <u>State v. Yarbough</u>, 100 N.J. 627 (1985).

need only conduct a proper Yarbough analysis and determine whether defendant's sentences should run consecutively or concurrently. The trial court then conducted such Yarbough analysis concluding that there was no justification for changing the original sentence.

There was no re-weighing of the aggravating and mitigating factors as the length of the individual sentences was not in question. The court reimposed defendant's initial sentence and entered a new judgment of conviction. Defendant's public defender filed a second notice of appeal on his behalf in March of 2000.[3] Defendant withdrew that appeal on November 27, 2000.

In 2010, defendant filed a petition for post-conviction relief ("PCR") which was denied. Defendant appealed and we affirmed the denial of the PCR. State v. Menter, A-2627-l0Tl (App. Div. Sept. 12, 2012). Defendant's petition for certification was then denied. State v. Menter, 213 N.J. 289 (2013). Defendant next filed a petition for Writ of Habeas Corpus which was dismissed as untimely. Menter v. Warren, 2014 U.S. Dist. LEXIS 61628 (D.N.J. May 2, 2014). Defendant then filed a Fed. R. Civ. P. 60(b) motion, seeking to reopen

---

[3] As part of this appeal, we were provided with the transcript from the resentencing hearing which was provided to the parties on April 10, 2000.

A-0297-22

his 2014 Habeas Petition, which was also denied. <u>Menter v. Warren</u>, 2018 U.S. Dist. LEXIS 17589 (D.N. J. Feb. 1, 2018).

In 2022, defendant filed a motion to vacate or correct an illegal sentence, which is the basis for this appeal. Defendant contended that during his resentence, the court again misapplied the <u>Yarbough</u> factors, his counsel was ineffective, he was denied his due process rights to appeal his resentence and be present during the resentence, and the state forged his notice and withdrawal of appeal. After hearing oral argument, the motion judge wrote an eleven-page decision denying the appeal.

The motion judge first found defendant's claim that he neither appealed nor withdrew his appeal to be without merit. She held, pursuant to N.J.R.E. 1003, the State established the admissibility of the copies of the appeal and withdrawal. Her decision was also based on the certification from two of the secretaries in the office of the public defender that they had served all parties, as well as the defendant not challenging the signatures by the assistant public defender who filed and withdrew the appeal.

Moreover, the motion court held that defendant's sentence was not "illegal" as it complied with the code of criminal justice and the sentencing judge considered and conducted a thorough <u>Yarbough</u> analysis. Although the motion

was not a PCR, the motion judge addressed defendant's claim of ineffective assistance by his prior attorneys for not notifying him of the correct prior ESOA outcome, resentence, and right to appeal the resentence.  She held that even though these claims were without merit, he could not demonstrate prejudice under the second Strickland[4] prong and that his allegations were "bald assertions."[5]  Lastly, the motion court determined defendant had not presented a prima facie case of ineffective assistance of counsel and that the re-sentencing transcript did not prove that defendant was sentenced in absentia.

Defendant's appeal was argued before an ESOA panel of this court on October 31, 2023.  On that date, we ordered the transfer to the plenary calendar.

Defendant raises the following arguments on this appeal:

> POINT I
>
> BECAUSE HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO BE PRESENT AT HIS RESENTENCING, DEFENDANT MUST BE GRANTED A NEW SENTENCING HEARING.

Defendant's pro se supplemental brief presents the following additional arguments for our consideration:

> POINT I

---

[4]  Strickland v. Washington, 466 U.S. 668 (1984).

[5]  State v. Cummings, 321 N.J. Super 154, 170 (1999).

THE COURT ERRED IN DENYING APPELLANT'S MOTION TO CORRECT OR VACATE HIS ILLEGAL SENTENCE, THEREFORE, THE MATTER MUST BE REMANDED.

POINT II

APPELLANT'S SIXTH AMENDMENT RIGHT TO DUE PROCESS WAS VIOLATED WHEN ASSIGNED COUNSEL ABANDONED HIM WITHOUT REASON AND LEFT HIM TO DEFEND HIMSELF. IN THE ALTERNATIVE, THE COURT SHOULD HAVE REASSIGNED ANOTHER ATTORNEY TO REPRESENT DEFENDANT.

POINT III

THE TRIAL JUDGE ERRED IN FINDING THAT THE SIGNATURE ON THE NOTICE OF APPEAL AND WITHDRAWAL WERE DEFENDANT'S WHILE STATING AT THE SAME TIME THAT DEFENDANT'S ATTORNEY SIGNED DEFENDANT'S NAME, THEREFORE THE MATTER MUST BE REMANDED.

POINT IV

DEFENDANT'S DUE PROCESS RIGHT TO BE PRESENT AT THE RESENTENCING HEARING (ON REMAND FROM THE APPELLATE DIVISION) WAS CLEARLY VIOLATED, THUS REQUIRING RELIEF (U.S. Const. Amend. VI; XIV; N.J. Const. Art. I, Par. 10).

POINT V

DEFENDANT'S DUE PROCESS RIGHT TO BE ABLE TO REAPPEAL ANY NEW/AMENDED SENTENCE STEMMING FROM THE APPELLATE REMAND WAS VIOLATED, THUS REQUIRING RELIEF.

9

POINT VI

DEFENDANT'S SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WERE REPEATEDLY VIOLATED BY THEM LYING AND MISLEADING HIM INTO BELIEVING THAT THE APPELLATE COURT HAD DENIED HIS APPEAL ON DIRECT. ADDITIONALLY, DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED BY THE COURTS BY THEM ACQUIESCING.

POINT VII

THE COURT FAILED TO CONSIDER MITIGATING EVIDENCE THAT WAS CLEARLY AVAILABLE AND PRESENTED TO THE COURT.

II.

Sentencing decisions are discretionary in nature. State v. Cuff, 239 N.J. 321, 347 (2019). Therefore, we review a sentence for an abuse of discretion. State v. Jones, 232 N.J. 308, 318 (2018). We defer to the sentencing court's factual findings and should not "second-guess" them. State v. Case, 220 N.J. 49, 65 (2014). We "must affirm the sentence of a trial court unless: (1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)). "To facilitate

10

meaningful appellate review, trial judges must explain how they arrived at a particular sentence."  Case, 220 N.J. at 65.

"[T]rial judges have discretion to decide if sentences should run concurrently or consecutively."  State v. Miller, 205 N.J. 109, 128 (2011); see N.J.S.A. 2C:44-5(a).  Judges are permitted to impose consecutive sentences after considering the Yarbough[6] factors, which are as follows:

> (1) there can be no free crimes in a system for which the punishment shall fit the crime;
>
> (2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
>
> (3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
>
>> (a) the crimes and their objectives were predominantly independent of each other;
>>
>> (b) the crimes involved separate acts of violence or threats of violence;
>>
>> (c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;

---

[6] The overall limitation on consecutive sentences was superseded by statute when N.J.S.A. 2C:44-5(a) was amended to read "[t]here shall be no overall outer limit on the cumulation of consecutive sentences for multiple offenses."

(d) any of the crimes involved multiple victims;

(e) the convictions for which the sentences are to be imposed are numerous;

(4) there should be no double counting of aggravating factors;

(5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense; and

(6) there should be an overall outer limit on the cumulation of consecutive sentences for multiple offenses not to exceed the sum of the longest terms (including an extended term, if eligible) that could be imposed for the two most serious offenses.

[100 N.J. at 643-44.]

The Yarbough factors are applied qualitatively, not quantitatively. State v. Carey, 168 N.J. 413, 427 (2001). A court may impose consecutive sentences even though a majority of the Yarbough factors support concurrent sentences. Id. at 427-28; see also State v. Swint, 328 N.J. Super. 236, 264 (App. Div. 2000) (explaining even when "offenses [are] connected by a 'unity of specific purpose,' . . . somewhat interdependent of one another, and were committed within a short period of time of one another," concurrent sentences need not be imposed) (citations omitted). "When a sentencing court properly evaluates the Yarbough

factors in light of the record, the court's decision will not normally be disturbed on appeal." Miller, 205 N.J. at 129.

Our Supreme Court has noted "remands for resentencing 'cover a range of proceedings, from vacated sentences which required sentencing anew to mere corrections of technical errors.'" State v. Robinson, 217 N.J. 594, 610-11 (2014) (emphasis added) (quoting State v. Randolph, 210 N.J. 330, 350 (2012)). When a remand order is "not only for the reconsideration and justification of the consecutive nature of the sentences, but also for the same reconsideration and justification for the imposition of maximum terms, [it] necessarily requires a new analysis of the aggravating and mitigating factors." Randolph, 210 N.J. at 353-54. However, if the remand order "specifies a different and more limited resentencing proceeding" or "the remand order is limited in scope[,]" the trial court need not engage in such an involved hearing. Id. at 350, 354. Indeed, the remand proceedings may be "circumscribed by the remanding appellate body's delineation that a limited proceeding is sufficient." Id. at 352. See also State v. Bellamy, 468 N.J. Super. 29, 39-40 (App. Div. 2021) ("When [this court] comment[s] on errors . . . that statement is binding.").

A.

In his counseled and supplemental brief, defendant contends that his due process rights were violated because he was not present at the resentence. First, there is no proof that defendant was not present at the resentence. His counsel recounted to the court his conversation with defendant about the procedural error in the sentence and then went on to argue for only one consecutive sentence. Second, if defendant did not know about the resentence, he would not have known to appeal and then withdraw his appeal. Moreover, the motion court correctly held that defendant's claim that he neither appealed nor withdrew his appeal of the resentence to be wholly without merit based on the certifications attached to those documents by various members of the public defender's office.

Even if defendant was not present at the remand, due to its nature, his due process rights were not violated. When we remanded the sentence, we did so because "the guidelines for imposing consecutive sentences were not correctly applied." Menter, A-6974-97 slip op. at 1. It is clear by us stating, "[t]he matter is remanded for reconsideration of that issue," that we did not direct the trial judge to reconsider the length of the sentence or re-evaluate the aggravating and mitigating factors and commit to an entirely new sentencing procedure. Rather,

14

the remand was limited in nature, only for the correct <u>Yarbough</u> analysis to be applied.

III.

We reject defendant's contention that he was not afforded the right of allocution before sentencing. In <u>State v. Jones</u>, the Court explained a deprivation of the right to allocution pursuant to <u>Rule</u> 3:21-4(b) is a structural error, requiring remand. 232 N.J. 308, 318-19 (2018). <u>Rule</u> 3:21-4(b) provides, in pertinent part, that "[b]efore imposing sentence the court shall address the defendant personally and ask the defendant if he or she wishes to make a statement in his or her own behalf and to present any information in mitigation of punishment." Defendant was afforded the right of allocution at his initial sentencing hearing. Here, the remand was limited in scope and solely for the correct application of the <u>Yarbough</u> factors. As such, defendant was not entitled to a second allocution.

The other arguments raised by defendant also do not warrant resentence. The record belies that defendant was denied his due process rights to appeal his resentence or that the State forged his notice of appeal and withdrawal. Moreover, as this appeal was not a PCR, the allegations of ineffective assistance of counsel are not properly before this court.

15

To the extent we have not addressed defendant's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0297-22