**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1867-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VAUGHN L. SIMMONS,
a/k/a VAUGHN L. JONES,
and MICHAEL SIMMON,

    Defendant-Appellant.

_____

Argued April 28, 2025 – Decided May 29, 2025

Before Judges Gummer, Berdote Byrne, and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-06-1540.

Scott M. Welfel, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Scott M. Welfel, of counsel and on the briefs).

Hannah Faye Kurt, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Essex County Prosecutor, attorney; Hannah Faye Kurt, of counsel and on the brief).

PER CURIAM

Defendant Vaughn Simmons appeals from a February 15, 2023 order issued after a third remand for resentencing to address the imposition of consecutive sentences. In that order, the court again imposed consecutive sentences. We reverse and remand for entry of an amended judgment of conviction consistent with this opinion.

In this appeal, defendant argues the following points:

POINT I

> BECAUSE THE SENTENCING COURT'S ANALYSIS OF THE STATE V. YARBOUGH[, 100 N.J. 627 (1985),] FACTORS WAS IMPERMISSIBLY BASED ON DISMISSED CHARGES AND SPECULATION NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE IN THE RECORD AND BECAUSE THE COURT OFFERED NO OTHER VALID BASIS FOR THE IMPOSITION OF A CONSECUTIVE SENTENCE, THIS COURT SHOULD REVERSE AND DIRECT THE TRIAL COURT TO IMPOSE THE CERTAIN[-]PERSONS SENTENCE CONCURRENTLY TO THE ROBBERY SENTENCE.

> A. The Sentencing Court Erred In Finding Yarbough Factors 3A And 3C As It Relied On (1) A Dismissed Charge And (2) Speculation With No Basis In The Record That Mr. Simmons Possessed The Handgun For A Meaningful Period Before Or After The Robbery.

2

B. The Certain[-]Persons Statute Would Not Be "Neutered" By The Imposition Of A Concurrent Sentence.

C. The Sentencing Court's Final Justifications For Imposing A Consecutive Sentence–That The Certain[-]Persons Offense Is A Separate And Distinct Offense From Robbery And Would Be A "Free Crime" If Run Concurrent–Are Not A Valid Bases For Imposing A Consecutive Sentence.

D. This Court Should Reverse And Remand, Directing The Trial Court To Impose The Certain[-]Persons Sentence Concurrently To The Robbery Sentence.

E. If This Court Does Not Order The Imposition of Concurrent Sentences Under Point D, Supra, Another Basis For Reversal And Resentencing Are The Errors In The Court's Overall Fairness Assessment.

> 1. Extending Mr. Simmons's existing twenty-year sentence by imposing this sentence consecutively would have no added deterrent effect.
>
> 2. Because the age-crime curve demonstrates that the risk of recidivism declines dramatically as age increases and is exceptionally low at the age that Mr. Simmons will complete his twenty-year NERA sentence, the goal of incapacitation cannot justify imposing a consecutive sentence.
>
> 3. The sentencing court's fairness analysis

3

was based on erroneous and impermissible considerations and failed to adequately address Defendant's arguments regarding deterrence and incapacitation.

In considering this appeal, we remain mindful that our "standard of review of a sentencing decision is well-established and deferential." State v. Vanderee, 476 N.J. Super. 214, 235 (App. Div.), certif. denied, 255 N.J. 506 (2023). "We 'must not substitute [our] judgment for that of the sentencing court.'" Ibid. (alteration in original) (quoting State v. Liepe, 239 N.J. 359, 370 (2019)) (internal quotation marks omitted). Nevertheless, we are charged with ensuring the sentencing court's findings are supported by adequate evidence in the record and that the sentence imposed is neither inconsistent with the sentencing provisions of the Code of Criminal Justice nor shocking to the judicial conscience. See ibid.; see also State v. Rivera, 249 N.J. 285, 297-98 (2021). We defer to the trial court's sentencing decision "only if the trial [court] follow[ed] the [Criminal] Code and the basic precepts that channel sentencing discretion." State v. Cuff, 239 N.J. 321, 347 (2019) (quoting State v. Case, 220 N.J. 49, 65 (2014)).

When a defendant is subject to multiple sentences for more than one offense, the Code of Criminal Justice gives the trial court discretion to decide

whether those sentences should run concurrently or consecutively. N.J.S.A.

2C:44-5(a); see also Vanderee, 476 N.J. Super. at 238; State v. Miller, 205 N.J.

109, 128 (2011). "'[W]hen determining whether consecutive sentences are

warranted,' a court is required 'to perform the well-known assessment of specific

criteria' commonly referred to as the Yarbough factors." Vanderee, 476 N.J.

Super. at 238 (alteration in original) (quoting State v. Randolph, 210 N.J. 330,

353 (2012)). Those factors include:

> (1) there can be no free crimes in a system for which the punishment shall fit the crime;
>
> (2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
>
> (3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
>
>> (a) the crimes and their objectives were predominantly independent of each other;
>>
>> (b) the crimes involved separate acts of violence or threats of violence;
>>
>> (c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;

> (d) any of the crimes involved multiple victims;
>
> (e) the convictions for which the sentences are to be imposed are numerous;
>
> (4) there should be no double counting of aggravating factors; [and]
>
> (5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense. . . .
>
> [Ibid. (quoting State v. Torres, 246 N.J. 246, 264 (2021)).[1]]

"The Yarbough factors are qualitative, not quantitative; applying them involves more than merely counting the factors favoring each alternative outcome." Cuff, 239 N.J. at 348. The sentencing court "must explain its decision to impose concurrent or consecutive sentences" because "'[a] statement of reasons is a necessary prerequisite for adequate appellate review of sentencing decisions.'" Ibid. (alteration in original) (quoting State v. Miller, 108 N.J. 112, 122 (1987)).

We set forth in detail in our prior opinions in this case the facts and procedural history relating to defendant's convictions and appeals. See State v. Simmons (Simmons III), No. A-2107-19 (App. Div. Mar. 3, 2022) (slip op. at 3-

---

[1] A sixth factor was eliminated by statute. Liepe, 239 N.J. at 372 n.4; see also N.J.S.A. 2C:44-5(a).

7); State v. Simmons (Simmons I), No. A-4938-12 (App. Div. Feb. 11, 2016) (slip op. at 2-7). We summarize that background here.

In 2010, a grand jury issued an indictment charging defendant with various crimes relating to a December 3, 2009 robbery of a Family Dollar store and a December 5, 2009 robbery of an AutoZone store. For each robbery, the indictment charged defendant with: first-degree robbery, N.J.S.A. 2C:15-1; fourth-degree aggravated assault with a firearm, N.J.S.A. 2C:12-1(b)(4); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a). A second indictment charged defendant with two counts of second-degree unlawful possession of a firearm by a person convicted of certain crimes, N.J.S.A. 2C:39-7(b), one count for each day the robberies were committed. The court severed and later dismissed all counts related to the events of December 5, 2009, and the robbery of the AutoZone store.

In 2011, a jury found defendant guilty of the charges from the first indictment relating to the December 3, 2009 robbery of the Family Dollar store. At that trial,

> the State presented evidence which established that on December 3, 2009, [a] . . . male entered the Family Dollar store in Newark. He stood near the entrance, complained that the lines were too long, and left the

store soon after. Later that day, at around 5:30 p.m., F.M., the store's manager, observed that the individual who entered the store earlier had returned and was attempting to take one of the cash registers.

R.H., the store's security guard, attempted to stop the man from carrying away the register. R.H. and the perpetrator fell to the floor. F.M. pressed the store's "panic button" alarm. When he turned around, F.M. observed that the perpetrator had gotten up from the ground and was pointing a handgun at him. F.M. turned again, and the man fled the store with the register. He had taken $125.

[Simmons I, slip op. at 3-4 (footnote omitted).]

In a separate subsequent trial, the same jury found defendant guilty of the certain-persons charge in the second indictment for possession of a handgun on December 3, 2009.

The court sentenced defendant on February 3, 2012. The court merged the convictions for aggravated assault and possession of a handgun for an unlawful purpose with the conviction for robbery and sentenced defendant to twenty years of imprisonment, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. On the conviction for unlawful possession of a handgun, the court imposed a concurrent ten-year term of imprisonment, with a five-year period of parole ineligibility. On the certain-persons conviction, the court sentenced defendant to a ten-year

A-1867-22

imprisonment term, with a five-year period of parole ineligibility, to run consecutively to the twenty-year sentence.

Defendant appealed. We affirmed the convictions and the sentences imposed. Simmons I, slip op. at 21. However, we reversed the determination that the sentence on the certain-persons conviction run consecutively to the sentence on the robbery conviction "because the trial court failed to explain the reasons for imposing a consecutive sentence." Ibid. We remanded the case with instructions the trial court reconsider that determination and, if it reached the same conclusion, "set forth its reasons for that decision, as required by Yarbough." Id. at 22.

In a decision placed on the record on April 25, 2016, the same judge who had imposed the original sentences reconsidered those sentences on remand and again held the sentence on the certain-persons conviction would run consecutively to the sentence on the robbery conviction. The judge entered an amended judgment of conviction on June 1, 2016, memorializing that decision. Quoting Yarbough, 100 N.J. at 643, the judge in that amended judgment provided these three sentences to explain his decision: "'[T]here can be no free crimes in a system for which the punishment shall fit the crime.' Running the sentence concurrently would render meaningless the certain[-]person offense.

Furthermore, the Legislature has a clear intent to specifically deter those who have a criminal history from possessing guns."

Defendant again appealed. We heard the appeal on a sentencing calendar pursuant to Rule 2:9-11. We concluded "the court did not provide adequate findings to support imposition of consecutive terms" and entered an order dated May 3, 2017, remanding the case "for the court to conduct the analysis required to justify the imposition of consecutive sentencing." State v. Simmons (Simmons II), No. A-5166-15 (App. Div. May 3, 2017).

After hearing argument on remand on March 2, 2018, a different judge placed a decision on the record again sentencing defendant to consecutive sentences on the robbery and certain-persons convictions. Analyzing the Yarbough factors, the judge concluded factors 3(b), 3(c), and 3(d) did not apply. Expressly rejecting the application of factor 3(c), the judge found it "[wa]s not the case here" that "the crimes [were] 'committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.'" Yarbough, 100 N.J. at 644.

The judge recognized factor 3(a), whether the "crimes and their objectives were predominantly independent of each other," Yarbough, 100 N.J. at 644, "could be argued both ways, but if the possession of the gun was to fulfill the

robbery, then it would be the same." Without referencing the facts of the case, the judge decided to impose consecutive sentences, believing "if [he] didn't rule in this manner for this particular case, for this particular crime, it would render the [certain-persons] statute . . . moot." In an amended judgment of conviction dated March 2, 2018, and entered on December 23, 2019, the judge held the "sentence stands" and repeated the three explanatory sentences from the June 1, 2016 amended judgment.

Defendant again appealed, asking us to reverse the judgment as to the court's imposition of consecutive sentences and to remand with instructions the trial court run the sentences concurrently. In a March 3, 2022 opinion, we concluded that on the latest remand "the trial court's reasons did not clarify whether the court also applied [Yarbough] factor 3A, so the court does not indicate if it even relied only on a separate and distinct offense reasoning" and that, consequently, the record was insufficient. Simmons III, slip op. at 11-12. We "reverse[d] and remand[ed] for resentencing because the court did not explain whether factor 3A applied, and if so, the weight it was given." Id. at 12. We directed the court on remand to "identify whether 3A applies, and also include comparisons to the factual record of this case, and provide '[a]n explicit

statement, explaining the overall fairness of a sentence imposed on a defendant.'"

Ibid. (alteration in original) (quoting Torres, 246 N.J. at 268).

The judge who had decided the case on the last remand heard argument and again imposed consecutive sentences in a February 9, 2023 written opinion and a February 15, 2023 order. On this remand, the judge found Yarbough factors 3(a) ("the crimes and their objectives were predominately independent of each other") and 3(c) ("the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior") supported the imposition of consecutive sentences. Yarbough, 100 N.J. at 644. Giving factor 3(a) "hefty weight to support consecutive sentencing," the judge found that factor applied "because the certain[-]persons crime is inherently distinct and separate from the robbery itself, and the objectives are distinct and separate from one another." The judge explained his reasoning:

> Nothing in the record suggests that [d]efendant obtained the handgun in order to carry out a robbery at the Family Dollar. Actually, the facts here suggest the opposite. He entered the store, and attempted to carry the entire cash register drawer and its contents out of the store. He did not brandish the gun in order to wrest control of the cash register drawer. He did not pull it out when the cashier slapped his hands off the cash register. He did not pull out the gun when the security guard wrestled him to the floor. . . . Defendant only

pulled out the gun after he had fallen to the floor and the store manager called the police. The chain of events suggests that . . . [d]efendant intended to grab the drawer and run out of the store with it, but only after store personnel intervened and had wrestled him onto the floor did he resort to brandishing the gun. And, even though the facts suggest he did not intend to use the gun to carry out this particular robbery, . . . [d]efendant was guilty of a certain[-]persons offense before he even entered the store. Even if [d]efendant obtained the handgun on the same day he committed the Family Dollar robbery, he still entered the store in possession of the handgun; therefore, he obtained the handgun earlier, and then later used it during the commission of the robbery. Whenever he came into that possession of the handgun he brandished on that day, there is a marked time distinction between his obtaining it and the robbery itself.

Defendant was guilty of a certain[-]persons offense the moment he obtained this handgun. Because he obtained the gun at an unknown time, it cannot be assumed he obtained it in order to rob the Family Dollar. In fact, two days after the Family Dollar incident [d]efendant was alleged to have robbed an AutoZone in a similar manner. In that alleged incident, . . . [d]efendant ran up to the cash register and pulled money out when the cashier opened the drawer. Again, only after struggling with the cashier and being restrained by another employee did [d]efendant brandish his handgun in order to flee the premises. This suggests, if anything, that [d]efendant possessed the gun with a general objective to have on his person when committing robberies, but not with the specific objective in mind that he would use it to rob the Family Dollar Store – the robbery for which he was found guilty at trial.

13

The judge found <u>Yarbough</u> factor 3(c) applied because "certain persons is a separate and distinct statutory crime from robbery" and defendant had committed the certain-persons offense "at the time he obtained the handgun, prior to the Family Dollar robbery." The judge rejected the idea defendant's December 2009 crimes constituted a "single period of aberrant behavior" because, in the judge's view, defendant's record revealed defendant "fit[] the profile of a career criminal." The judge held:

> [R]egardless of whether the gun was to be used to fulfill this particular robbery, the fact that [d]efendant had the gun in the first place for any purpose is prohibited by statute due to his prior felony convictions. This renders the certain[-]persons conviction an inherently separate offense distinct from the offense during which the gun was discovered.

Finding the imposition of consecutive sentences to be fair, the judge concluded "were the certain[-]persons conviction not consecutive, the effect would be to neuter the statute itself, rendering it essentially meaningless." On February 15, 2023, the judge entered an order directing that the "sentence previously imposed on March 2, 2018, STANDS AS PREVIOUSLY IMPOSED" and that sentence on the certain-persons conviction "remain[ed] CONSECUTIVE" to the sentence on the robbery conviction.

14

Defendant again appeals, arguing, among other things, that the judge erred in relying on dismissed charges and speculation to find Yarbough factors 3(a) and 3(c). We agree and, accordingly, reverse the February 15, 2023 order and remand the case with an instruction the trial court enter an amended judgment of conviction providing that defendant will serve the sentence for the certain-persons conviction under the second indictment concurrent to the twenty-year sentence imposed for the convictions under the first indictment.

"Speculation and suspicion must not infect the sentencing process." Case, 220 N.J. at 64; see also Rivera, 249 N.J. at 302 (faulting the sentencing court for engaging in "impermissible speculation"). The judge's conclusion that "[n]othing in the record suggests that [d]efendant obtained the handgun in order to carry out a robbery at the Family Dollar" led him to speculate that defendant had purchased the gun for some other reason. The problem with his conclusion and subsequent assumption is that no evidence presented at trial suggests defendant had obtained the handgun for any purpose other than the Family Dollar robbery.

The judge viewed the fact that defendant had waited until the end of the robbery to brandish the handgun as evidence defendant "did not intend to use the gun to carry out this particular robbery." But the exact opposite is true. The evidence presented at trial demonstrated defendant brought the handgun with him

to the store he intended to rob and used it in the course of the robbery, albeit at the end. Rather than supporting a lack of intent to use the gun during the robbery, those facts demonstrate an actual intent to have the gun and use it at the robbery. The judge's assumptions aside, the evidence in this case showed defendant possessed the handgun at only a single instant in time and at a single location: when he committed the robbery at the Family Dollar store. That evidence does not support the imposition of consecutive sentences under either factor 3(a) or 3(c) of Yarbough.

The judge also improperly relied on unproven, alleged facts from the dismissed AutoZone robbery charges to shore up his assumption defendant had not obtained the gun for the Family Dollar robbery. But "when no . . . undisputed facts exist or findings are made, prior dismissed charges may not be considered for any purpose." State v. K.S., 220 N.J. 190, 199 (2015); see also State v. Melvin, 248 N.J. 321, 352 (2021) ("Fundamental fairness simply cannot let stand the perverse result of allowing in through the back door at sentencing conduct that the jury rejected at trial.").

If the judge's tautological legal conclusion – defendant's possession of the gun "for any purpose" in violation of the certain-persons statute "renders the certain[-]persons conviction an inherently separate offense distinct from the

offense during which the gun was discovered" – were correct, then the sentence for a certain-persons conviction would always run consecutively to the sentence for the underlying crime. But nothing in our case law or statutory law, see N.J.S.A. 2C:39-7 (the certain-persons statute) and N.J.S.A. 2C:44-5(a) (addressing the concurrent or consecutive running of sentences), compels that result in every case. See Cuff, 239 N.J. at 351 (finding neither case law nor statutory law requires consecutive sentences in every case involving unlawful possession of a weapon even though "unlawful possession of a weapon could be viewed as independent of other crimes committed with the weapon in some settings for purposes of Yarbough's third factor"); State v. Lopez, 417 N.J. Super. 34, 37 n.2 (App. Div. 2010) ("[T]here is no statutory mandate that the court impose a consecutive sentence for a certain[-]persons conviction."). And application of that legal conclusion would render meaningless our Supreme Court's holding in Yarbough in any case involving a certain-persons conviction.

In considering alleged facts from dismissed charges and by speculating defendant obtained the gun for a purpose other than the Family Dollar robbery, the judge did not "faithfully pair[] the Yarbough factors with the facts as found by the jury." State v. Cassady, 198 N.J. 165, 182 (2009). Instead, he clearly and improperly went beyond the facts as found by the jury and the evidence presented

at trial to support his decision to impose consecutive sentences. Based on those errors and the lack of evidence presented at trial to support the application of <u>Yarbough</u> factors 3(a) and 3(c) for the imposition of consecutive sentences, we reverse. Because we conclude the judge erred in imposing consecutive sentences and reverse on that basis, we do not address defendant's remaining arguments.

Given the long history of this case and the multiple remands, we conclude the appropriate course is to reverse and remand the case with an instruction the trial court enter an amended judgment of conviction providing that defendant will serve the sentence for the certain-persons conviction under the second indictment concurrent to the twenty-year sentence imposed for the convictions under the first indictment. <u>See</u> <u>State v. Louis</u>, 117 N.J. 250, 257-58 (1989) (Although recognizing preference for remand to trial court for resentencing, Court "resolved not to remand for further proceedings" "in light of the long history of this case" and affirmed revised sentence imposed by the Appellate Division).

Reversed and remanded for entry of an amended judgment of conviction consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1867-22